## Commonwealth v. Stella

*John Ryan*, for Commonwealth.
*Edwin P. Smith*, for defendant.

AVRIGIAN, *J.*, November 14, 1978—On February 10, 1978, complainant brought this action charging defendant with failure to support a minor child of which he is alleged to be the father, in violation of the Pennsylvania Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §4322. Defendant denied paternity and requested a jury trial. Defendant also filed a petition for a blood grouping test. On April 4, 1978, The Honorable Horace H.

Davenport ordered a blood grouping study. Defendant filed his petition for discharge under Pa.R.Crim.P. 1100 on August 14, 1978. Defendant on a hearing before this court on his petition, filed in open court on November 3, 1978, an affidavit of counsel stating that complainant under advice of her counsel did not appear for the ordered blood grouping test.

The issue before this court is whether Pa.R.Crim.P. 1100 applies to the Pennsylvania Crimes Code section 4322. Pa.R.Crim.P. 1100 applies only to a "court case," which is defined by Pa.R.Crim.P. 3(f) as one which is a misdemeanor, felony or murder. The Pennsylvania Crimes Code section 4322 does not specify the class of offenses within which this offense falls. However, section 106(d) of the Pennsylvania Crimes Code provides: "Any offense declared by law to constitute a crime, without specification of the class thereof, is a misdemeanor of the second degree, if the maximum sentence does not make it a felony under this section." Therefore, this court is persuaded and so holds that Pa.R.Crim.P. 1100 is applicable to the Pennsylvania Crimes Code section 4322 in the case at bar.

## ORDER

And now, November 14, 1978, upon consideration of defendant's petition and complainant's answer thereto, and upon a hearing thereon, this court hereby grants defendant's petition to discharge under Pa.R.Crim.P. 1100 and hereby orders that the charges set forth in the above matter be dismissed and defendant be discharged.